CRAWFORD vs. LOUISIANA STATE BANK.

An agent may show want of funds in the drawee's hands to excuse his neglect of giving notice.

An agent who receives a bill to present for acceptance or collection is bound to use the same diligence in giving notice as the holder.

And if he neglects to give notice, the *onus* of showing there was no damage is thrown on the agent.

APPEAL from the court of the first district.

MATHEWS J. delivered the opinion of the court. This case comes up on several bills of exceptions taken on opinions of the judge of in the court below, on points of law, which if they be pertinent to the issue between the parties, and the judge has erred in said opinions, will require that the cause be remanded.

The plaintiff claims a remuneration in damages from the Bank, on account of misconduct and negligence of its officers, in relation to a bill of exchange, drawn in his favour by Crawford & Bernard of St. Francisville, on J. Clay of New-Orleans, and sent by said plaintiff to the defendants, to be presented for acceptance, and collected when due. In addition to the general allegation of negligence.

East'n District.
*May,* 1823.

CRAWFORD
*vs.*
LOUISIANA
STATE BANK.

the petition contains averments of special injury sustained by the payee of the bill, in consequence of having surrendered to the drawers certain property which he held as security for its payment; and that this surrender was made under a belief that the bill had been accepted by the drawer, derived from information received by him to that purport from the Cashier of the Bank. The subsequent insolvency or failure of the drawers is also stated.

The answer contains a denial of negligence, that the payee knew at the time of taking said bill that the drawers had no funds in the hands of the drawee, and that he has suffered no damage by its not being accepted by said drawee, &c.

It appears by the record that the cause was submitted to a jury on the issues arising out of the petition and answer, without specifying particular facts to be found. After hearing such evidence as was offered, they found a general verdict for the defendants, and judgment being thereon rendered, the plaintiff appealed, and brings up the cause as above stated.

The first exception taken, is to the propriety of admitting evidence on the part of the de-

East'n District.
  *May*, 1823.

CRAWFORD
  *vs.*
LOUISIANA
STATE BANK.

fendants, to show that the drawers of the bill had no funds in the hands of the drawee. The second is to the judge's charge to the jury on the law as applicable to the case. As to the first of these exceptions we are of opinion that the judge *a quo*, did not err in admitting evidence to prove want of funds in the drawee's hands; for this is a fact which may sometimes excuse laches on the part of the holder of a bill, in relation to the liability of anterior parties. See *Chitty on Bills, Am. ed. of* 1821, *p.* 207. And if it will excuse a holder, we can see no good reason why it should not be urged as a means of defence by an agent of such holder who is charged with negligence in the performance of his trust, to show that no damage has been occasioned by his conduct.

The counsel for the plaintiff prayed the judge below, to direct the jury, that a holder of a bill for collection, and having no other interest in the bill than as agent for the purpose of presenting said bill for acceptance and payment, is bound to use the same diligence in giving notice of non-acceptance, as is required of a holder who has discounted or purchased a bill. And also, that the law presumed that the anterior parties sustained da-

East'n District.
*May,* 1823.

CRAWFORD
*vs.*
LOUISIANA
STATE BANK.

mage by an omission to give notice of non-acceptance, and that the *onus probandi,* was on the holder to show that no damage had been sustained.

The first of these principles of law on which the judge refused to instruct the jury as being sound and obligatory, depends much for its validity on the doctrines of agency; and seems to us, to recognize a fundamental rule on that subject, which requires ordinary care and diligence on the part of a mandatory, or such as men of common prudence bestow on their own affairs. We have no doubt of its correctness taken abstractedly: neither have we of the correctness of the second point pressed by the plaintiff's counsel, See authority above cited, p. 208 & 258. But an important difficulty here arises. Are they pertinent to the issue as made up by the pleading in this case? If they are, as already expressed, the cause must be remanded.

It is true (as we think) that the evidence offered to the jury does not support all the plaintiff's allegations; and according to the state of the case as made out by the evidence and pleadings, perhaps the judge below did not err in the charge which he gave them. But

East'n. District.
May, 1823.

CRAWFORD
vs.
LOUISIANA
STATE BANK.

the cause being submitted to a jury, they alone were the proper judges of facts, and had the exclusive right of inferring them from the evidence offered on the issue to be decided. This court on an appeal in which a cause comes up with all the evidence and facts accompanying it, as required by law, even where a jury has in the first instance found a general verdict, may inquire into both the facts and law of the case, and affirm or reverse the judgment of an inferior tribunal, as justice may require. But when a case is brought before us on bills of exceptions alone, taken to opinions on points of law, we can only inquire into their pertinence to the issue as it appears by the pleadings. As we believe those urged by the plaintiff's counsel to be both sound in the abstract, and pertinent and applicable to the present cause, we are of opinion that the judge of the district court ought to have thus directed the jury; and if in his opinion they were inapplicable to the case as made out by proof, to have so expressed his opinion, leaving them free to draw their own inferences and conclusions from all the evidence. It is possible that the jury may have been misled by the refusal to direct them on the points of law as required by the plaintiff's counsel;

East'n District.
*May*, 1823.

CRAWFORD
*vs.*
LOUISIANA
STATE BANK.

as they may have inferred thereby that anterior parties to a bill of exchange were not presumed by law to have suffered injury by the laches of the holder in not giving notice of non-acceptance or non-payment; but that in every case it is incumbent on the party who wishes to avail himself of the want of notice to prove that he has actually suffered damage by such negligence.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, reversed and annulled, and that the cause be sent back to said court, there to be tried *de novo*, and that the defendants pay the costs of this appeal.

*Livermore* for the plaintiff, *Duncan* for the defendant.